**ORIGINAL**

# In the United States Court of Federal Claims

| | |
|---|---|
| DONALD JOE BARBER, a legal fiction Donald-joe: barber, authorized representative, | |
| Plaintiff, | No. 18-1422T<br>Filed: October 10, 2018 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## ORDER

In plaintiff's September 14, 2018 complaint, plaintiff alleges that plaintiff "does not live in any federal district known as the 'STATE OF ALABAMA' or any other federal district that will place him within the jurisdiction of the Internal Revenue Service as he is not a party to the federal corporation known as THE UNITED STATES."[1] Plaintiff alleges that the Internal Revenue Service (the IRS) "filed a bogus 'Notice of Lein' against the petitioner's strawman in the probate Court of Jefferson County and instructed the Social Security Administration to withhold funds from the petitioner's Social Security to pay said bogus lien." According to plaintiff, this court has jurisdiction over his complaint "under the Constitution for the United States specifically at amendment four and amendment five and under Article III."

This court does not have jurisdiction over any claim based on the Fourth Amendment. See Mahoney v. United States, 129 Fed. Cl. 589, 592 (2016) ("To the extent that Mr. Mahoney's claim relies upon the First and Fourth Amendments, the court lacks subject matter jurisdiction."); see also Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."); Roberson v. United States, 115 Fed. Cl. 234, 240 (2014) ("The Fourth Amendment is not money-mandating." (citing Brown v. United States, 105 F.3d at 623)), appeal dismissed, 556 F. App'x 966 (Fed. Cir. 2014); Haka v. United States, 107 Fed. Cl. 111, 113-14 (2012); Kam-Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) ("[T]his Court does not have jurisdiction to hear claims contesting the lawfulness of a search and seizure because due process and Fourth Amendment claims are reserved to the District Court." (citing

---

[1] Plaintiff's capitalization errors, spelling errors, and grammatical errors appear throughout plaintiff's complaint and, when quoted in this order, have been included unchanged.

LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))), aff'd, 682 F.3d 1364 (Fed. Cir. 2012).

This court also lacks jurisdiction over plaintiff's allegations arising under the Due Process Clause of the Fifth Amendment because the Due Process Clause "does not 'mandate money damages by the Government.'" See Chittenden v. United States, 126 Fed. Cl. 251, 260 (quoting Smith v. United States, 36 F. App'x. 444, 446 (Fed. Cir.) (citing LeBlanc v. United States, 50 F.3d at 1028), reh'g denied (Fed. Cir.), cert. denied, 537 U.S. 1010 (2002)), aff'd, 663 F. App'x 934 (Fed. Cir. 2016); see also Wade v. United States, 138 Fed. Cl. 276, 278 (2018) (concluding that the United States Court of Federal Claims lacks jurisdiction over an alleged violation of the Due Process Clause of the Fifth Amendment); Golden v. United States, 118 Fed. Cl. 764, 768 (2014) (finding the United States Court of Federal Claims lacks jurisdiction over plaintiff's claim that the United States Supreme Court violated plaintiff's due process rights by disbarring plaintiff without providing notice to plaintiff).

The court also lacks jurisdiction over plaintiff's allegation that a lien imposed by the IRS results in the unlawful taking of plaintiff's "monies." As a Judge on the United States Court of Federal Claims has explained:

> Although not explicit, the court reads plaintiff's pro se complaint as alleging that the United States exacted a taking, without the "just compensation" required by the Fifth Amendment, by [the IRS] imposing the liens on plaintiff's property and the levies on his wages. Although certain takings claims are within the jurisdiction of this court, see, e.g., Murray [v. United States], 817 F.2d [1580,] 1583-84 [(Fed. Cir. 1987)], actionable "takings" can only result from *authorized* acts of government officials. Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802-03 (Fed. Cir. 1993). If plaintiff claims that the alleged taking was authorized, but improper, the appropriate course of action is a direct challenge of the liens and levies, not the prosecution of a Fifth Amendment claim. Castillo Morales v. United States, 19 Cl. Ct. 342, 345 (1990) (citations omitted). On the other hand, if plaintiff claims that the alleged taking was *unauthorized*, that claim would sound in tort, and this court would not have jurisdiction. Earnest v. United States, 33 Fed. Cl. 341, 344 (1995) (citation omitted). Therefore, regardless of how plaintiff frames the issue, this court does not have jurisdiction to render judgment on such a claim. As a result, plaintiff's claim of a Fifth Amendment taking is dismissed for lack of subject matter jurisdiction.

See Betz v. United States, 40 Fed. Cl. 286, 293 (1998) (emphasis in original); see also Fry v. United States, 72 Fed. Cl. 500, 509 (2006) ("Moreover, the lawful exercise of the Government's tax collection powers does not amount to a taking."); Tchakarski v. United States, 69 Fed. Cl. 218, 221-22 (2005) ("Although the court has jurisdiction over claims alleging an unconstitutional taking of private property, it does not have jurisdiction over

the 'takings claim' in this case, because, as a matter of law, a notice of a tax lien is not a taking."); First Atlas Funding Corp. Through Kersting v. United States, 23 Cl. Ct. 137, 139 (1991) ("The real question raised by the complaint is whether an action by a third party to challenge a tax lien can be prosecuted under the guise of a taking claim. We find that it cannot."), aff'd, 954 F.2d 733 (Fed. Cir. 1992).

Nor does Article III of the United States Constitution provide this court with jurisdiction over plaintiff's complaint. See Kurt v. United States, 103 Fed. Cl. 384, 387 (2012) ("Therefore, it [Article III] does not provide this court with jurisdiction over plaintiff's claims."); see also Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 167 (2009) ("Article III, Section 2 of the United States Constitution does not grant this court jurisdiction over plaintiff's claims.").

Because the court lacks jurisdiction over any of the claims raised in plaintiff's complaint, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this order.

**IT IS SO ORDERED**.

**MARIAN BLANK HORN**
**Judge**